## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AARON FRITCHER, EMILY FRITCHER, and EMILY FRITCHER, as Mother and Next Friend of Z.F., a minor, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-01076 |
| | ) | |
| CITY OF ALTAMONT, ILLINOIS, a municipal corporation, JASON P. RIPPETOE, in his official capacity as Mayor of the City of Altamont, IL and GARY WHITE, in his official capacity as Zoning Administrator of the City of Altamont, IL, | ) ) ) ) ) ) | |
| SERVE ALL AT: | ) | |
| Mayor or Person in Charge for the City and Jason Rippetoe and Gary White, individually, 202 North Second Street Altamont, IL 62411 618.483.5212 (T)/618.483.6255 (F) | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

COME NOW Plaintiffs, Aaron Fritcher, Emily Fritcher, and Emily Fritcher, as Mother and Next Friend of Z.F., a minor, for their Complaint against Defendants, City of Altamont, Illinois, Jason P. Rippetoe, in his official capacity as Mayor of the City of Altamont, Illinois and Gary White, in his official capacity as Zoning Administrator of the City of Altamont, Illinois, and respectfully submit the following:

## INTRODUCTION

1.     This is an action for violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12131 *et seq.* and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. §794.

2.     Plaintiff, Aaron Fritcher ("Aaron"), is thirty percent (30%) disabled from his years of service in the United States Navy.  He is currently employed by the United States Postal Service at the post office in Altamont, Illinois.  Aaron and Emily Fritcher ("Emily") are the parents of two (2) children.  One of which, Z.F., currently aged 15, is a male child who suffers from numerous disabilities including autism spectrum disorder, developmental delays, and epilepsy.  He has undergone twenty-five (25) operations on his heart and brain.  He is highly susceptible to elopement and bolting, and is unable to perceive the risks of elopement (leaving a designated area without permission) or darting into traffic or drowning.  He is attracted to large bodies of water and has bolted and eloped in the past.

3.     As a result of a previous elopement from their home in Altamont, Illinois, Aaron and Emily replaced a chain-link fence with a wooden privacy fence on the south end of their property at 9 Sherman Drive, Altamont, Illinois, and added a wooden fence by extending it on the north end of their property that encompassed all of their outbuildings.  The old fence on the north end of their property did not encroach on the City of Altamont's ("the City") easement for some overhead electrical lines.

2

4.      The new fence does encroach on the City's easement on the north end of the Fritcher's property.  The easement is for the overhead electrical lines.  There are no electrical poles on the Fritcher's property, but there are poles just north and south of their property.

5.      The new wooden privacy fence on the north end has a double-wide gate that can be opened only from the outside (for the protection of Z.F.) which permits the City to have access to the entirety of the Fritcher's property, if there is an issue with the overhead electrical lines.

6.      The overhead electrical lines are also within reach of the electrical company's equipment from outside the Fritcher's property, using cranes and cherry-picker equipment.

7.      The City insists that the Fritchers tear down the new wooden privacy fence on the north and south ends of their property and to add different gates to both the north and south ends of their property, and has filed criminal actions against the Fritchers for their failure to do so.

8.      The new wooden privacy fence and double-wide gate provide the City and the electrical company with full access to the overhead lines over the Fritcher's property.

## **JURISDICTION**

9.      This is an action for declaratory judgment and injunctive relief, brought pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12131 *et seq.* and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. §794.

10.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1343 for claims arising under the ADA and Section 504.

## VENUE

11.    Pursuant to 28 U.S.C. §1391(b), venue is proper in this District. Plaintiffs and Defendants are located in Effingham County, Illinois, which is within the jurisdiction of this Court, and all of the events or omissions giving rise to the claims stated herein occurred in this District.

## PARTIES

12.    Plaintiff, Aaron, is thirty percent (30%) disabled from his years of service in the United States Navy.  He is currently employed by the United States Postal Service at the post office in Altamont, Illinois.  He is a citizen of the State of Illinois and the father of Z.F., a minor.

13.    Plaintiff, Emily, is a stay-at-home mom, caring for her two (2) minor children, including Z.F.  She resides in Altamont, Illinois with her husband, Aaron and children.  She is a citizen of the State of Illinois.

14.    Defendant, City of Altamont, Illinois, is a public entity within the meaning of Title II of the ADA, as that term is defined under 42 U.S.C. §12131(1) and 28 C.F.R. §35.104.  Moreover, on information and belief, the City is also the recipient of federal funds and is therefore subject to the accessibility requirements of §504.

15.    Defendant, Jason P. Rippetoe ("the Mayor"), sued in his official capacity, is the Mayor of the City of Altamont, Illinois.

4

16.     Defendant, Gary White ("Zoning Admin"), sued in his official capacity, is the Zoning Administrator of the City of Altamont, Illinois.

## GENERAL ALLEGATIONS

17.     During June 2020, Z.F. managed to leave the home of Aaron and Emily in search of a "rope bridge" somewhere in Ireland.

18.     A large swimming pool, a pond, a new truck stop, I-70 and State Route 128 are all within close proximity to the home of Aaron and Emily and could easily have been accessed by Z.F. within a few minutes.

19.     The next day, Z.F. showed a small portion of the then-existing chain link fence in Plaintiffs' backyard and showed Emily how he planned to go under it to get to his favorite "rope bridge and Ballard nature center".

20.     Aaron and Emily immediately purchased a high-end security system for their home along with a GPS tracking device that Z.F. now wears daily.  Aaron and Emily also began making plans to extend the existing privacy portion of their fence to give Z.F. more exploring room in his own backyard, thereby alleviating his desire to wander outside that parameter which ensuring his safety.

21.     Z.F. suffers from autism spectrum disorder, developmental delays, and epilepsy as described in the medical report dated April 6, 2021, from Dr. Cameron David Crockett, attached hereto as Exhibit A.

22.     Z.F. has cognitive challenges resulting in elopement (leaving a designated area without permission).  Elopement can happen at any time and

can be very dangerous, even deadly, as set forth in the report from Z.F.'s grade school, dated April 6, 2021, attached hereto as Exhibit B.

23.    Z.F. has multiple medical problems including autism, a pacemaker, he is deaf in his right ear, has heart and pulmonary disabilities as set forth in the report of his physician, dated April 6, 2021, attached hereto as Exhibit C.

24.    To reduce the risks of elopement by Z.F., Aaron and Emily constructed a new wooden privacy fence on the north end of their property, part of which encroached on the City's easement for the overhead powerlines, and replaced the chain link fence on the south end of their property with a new wooden privacy fence, during the fall of 2020.

25.    The new wooden privacy fence, on the north end, included a double-wide gate which can be opened only from the outside, by the City or the power company, for example, and not from the inside, for the safety of Z.F.

26.    There are no electrical poles on the property of Aaron and Emily.

27.    The overhead electrical lines are fully accessible from the gate on the north, and by cranes and cherry-picker equipment from outside the Fritcher's property.

28.    Defendants insisted that Aaron and Emily tear down the new wooden privacy fence on the north and south ends of their property and replace them with new fences which contain double-wide gates on both the north and south ends of the property, and which meet the City's specifications.

29.     The City's specifications do not provide any more access to the overhead power lines than the current wooden privacy fences and gate that now exist on the property.

30.     On or about January 28, 2021, the City filed criminal charges against Aaron, alleging he violated the city ordinances by placing the new wooden privacy fences, with a double-wide gate on the north end, on the north and south ends of his property.  A copy of the Summons and Information against Aaron are attached hereto as Exhibit D.

31.     On or about January 28, 2021, the City filed criminal charges against Emily, alleging she violated the city ordinances by placing the new wooden privacy fences, with a double-wide gate on the north end, on the north and south ends of her property.  A copy of the Summons and Information against Emily is attached hereto as Exhibit E.

32.     The criminal charges against Aaron and Emily are scheduled for jury trial on September 27, 2021 in the Circuit Court for Effingham County, Illinois.

33.     An ariel/google photograph of the Fritcher house and the wooden privacy fences, with the double-wide gate on the north end, on the north and south ends, and powerlines, is attached hereto Exhibit F.  There are no power poles on the Fritcher's property; the area beneath the overhead powerlines is easily accessible from the double-wide gate on the north end and from cranes with cherry-pickers.

## COUNT I

### DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §12131 *ET SEQ.*

34.     Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 33 as fully set forth above.

35.     Title II of the ADA, 42 U.S.C. §12132, prohibits a public entity from excluding a person with a disability from participating in, or otherwise benefitting from, a program of the public entity, or otherwise discriminating against a person on the basis of disability:  "No qualified individual with a disability shall, by reason of such disability, be excluded from participate in or be denied the benefits of the services, programs. or activities of a public entity, or be subjected to discrimination by any such entity."

36.     The term "disability" includes physical and mental impairments that substantially limit one or more major life activities.  42 U.S.C. §12102(2). Further, a " 'qualified individual with a disability' means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity."  42 U.S.C. §12131(2).

37.     Because Z.F. has impairments which substantially limit the major life activity of safe freedom of movement, Z.F. by and through his mother and next friend, Emily, and Aaron, as the father of Z.F., and who is also disabled, are qualified individuals within the meaning of 42 U.S.C. §§12102 and 12131;

*see also* 28 C.F.R. §35.104.  Additionally, they are qualified because their residence is near the streets, interstate highways, state highways and bodies of water, all of which pose a risk to bolting and elopement by Z.F. and a risk to his safety.

38.    A "public entity" includes sate and local governments, their agencies, and their instrumentalities.  42 U.S.C. §12131(1).  Because the City, the Mayor, and the Zoning Admin constitute units of local government, Defendant s are public entities within the meaning of 42 U.S.C. §12131 and 28 C.F.R. §35.104.

39.    As part of their non-discriminatory duties, public entities like the City, the Mayor and the Zoning Admin, must operate each of their programs, services or activities "so that, when viewed in its entirety, [that program, service or activity] is readily accessible to and useable by individuals with disabilities." See 42 U.S.C. §12134; 28 C.F.R. §35.150; see also 28 C.F.R. §35.149 & §35.151.  There is no doubt that Defendants management of their zoning ordinances and easements constitute programs, services or activities under Title II.  See 28 C.F.R. §35.149 (requiring that a "service, program, or activity" of a public entity must be "readily accessible to and usable by individuals with disabilities"); 28 C.F.R. §35.151 (requiring that any newly constructed or altered "facility or part of a facility" be "readily accessible to and usable by individuals with disabilities"); 28 C.F.R. §35.104 (defining "facility" to include "all or any portion of *** structures, *** equipment, rolling stock, or other conveyances, road, walks, passageways, *** including the site where the

building, property, structure, or equipment is located.")  Defendants therefore have an obligation under the ADA to ensure that their ordinances, and the enforcement of their ordinances with respect to their easement for powerlines permit the property owners to have ready-accessibility to, and the use of, their property by people with disabilities, including enforcement of the ordinances for alleged easement encroachment under the circumstances that exist here.

40.    Defendants also violate a number of provisions of the implementing regulation of Title II, which were promulgated by the Department of Justice ("DOJ") to implement Title II's prohibition against discrimination. See 42 U.S.C. §12134; 28 C.F.R. §35.101 *et seq.*

41.    First, Defendants have violated their duty to design and construct all new facilities (dating from 1992 onward) in such a way as to ensure that "[e]ach [such] facility or part of a facility *** is readily accessible to and usable by individuals with disabilities."  28 C.F.R. §35.151(a)(1).  Powerline easements and the construction of fences on such easements constitute facilities. Defendants thus have a duty to ensure that all ordinances to enforce powerline easement rights are enforced in a way that makes the use of the property by the property owners readily accessible to and usable by people with disabilities, to the maximum extent feasible.  Defendants' insistence that Plaintiffs tear down their fence and gate and rebuild them in accordance with the City's specifications runs afoul of Defendants' duties under 28 C.F.R. §35.151(a)(1), in that Defendants are required to modify and enforce their ordinances in a

manner that accommodates people with disabilities, and they have failed to do so in this case.

42.    Second, Defendants also violated their obligations with respect to alterations of any existing facilities that are conducted in a manner that affects or could affect the usability of that facility.  In particular, by insisting that Aaron and Emily tear down the north and south wooden privacy fence and replace it with new fencing with gates on both the north and south sides that meet Defendants' specifications, Defendants fail to ensure that their ordinances with respect to powerline easements are enforced and applied "to the maximum extent feasible, in such manner that the fences and gates they permit are readily accessible to and usable by individuals with disabilities."  28 C.F.R. §35.151(b)(1).

43.    Third, Defendants' actions deny qualified individuals with disabilities the opportunity to participate in, or benefit from, fences and gates constructed on property subject to powerline easements; deprives those individuals of an opportunity to participate in the benefits offered by the construction of structures on property subject to powerline easements on the same terms as people without such disabilities; and/or deny individuals with disabilities with an aid, benefit, or service that this not as effective in affording equal opportunity to obtain the same result or to gain the same benefit from structures constructed on property subject to powerline easements that are provided to others.  All these omissions and failures to act violate 28 C.F.R. §35.130(b)(1)(i)-(iii).

44.     Fourth, Defendants, directly and/or through contractual or other arrangements, utilize criteria and/or methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of their disability, and defeat or substantially impair the accomplishment of the objectives of their ordinances with respect to structures on property subject to powerline easements, with respect to individuals with disabilities, in violation of 28 C.F.R. §35.130(b)(1)(i)-(ii).

45.     Fifth, Defendants have failed to make reasonable modifications in their policies, practices, or procedures necessary to avoid discrimination on the basis of disability, in violation of 28 C.F.R. §35.130(b)(7).

46.     Finally, Defendants have failed to make their ordinances with respect to the construction of structures on property subject to powerline easements as effective for people with disabilities, including autism spectrum disorder, developmental delays, and epilepsy disabilities, as they have for others, and have failed to provide necessary auxiliary aids and services to enable people with such disabilities an equal opportunity to participate in, and enjoy the benefits of, the regulation of structures on property subject to powerline easements.  In doing so, Defendants have violated 28 C.F.R. §35.160.

47.     As a direct and proximate result of the aforementioned acts, Plaintiffs have been, and continue to be, injured.

48.     Defendants' conduct constitutes an ongoing and continuous violation of Title II of the ADA.  Accordingly, Plaintiffs are entitled to declaratory and injunctive relief, as well as reasonable attorneys' fees and costs.

## COUNT II

### DISCRIMINATION IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

49.     Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 33 and 35 through 48, as fully set forth above.

50.     Section 504 mandates that "[n]o otherwise qualified individual with a disability … shall solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, nor be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. §794(a).

51.     An "individual with a disability" is defined, in pertinent part, as an "individual who has a physical or mental impairment that substantially limits one or more major life activities of such individual."  29 U.S.C. §705(2)(B) (referencing 42 U.S.C. §12102).  In addition, a "qualified person" with a disability is a person who meets the essential eligibility requirements for participation in, or receipt of benefits from, that program or activity.  28 C.F.R. §39.103.

52.     Plaintiffs are all qualified individuals with disabilities in that Z.F. is disabled in numerous respects and Aaron and Emily, as his parents, must care for him, which in turn caused them to construct the fences and gate which has subjected them to criminal charges by the City.  Z.F. has disabilities which substantially limit one or more major life activities.  Z.F. will continue to be subject to the risk of darting out and elopement, requiring the new wooden privacy fences on the north and south side of the Fritcher's home, which have

subjected Plaintiffs to criminal charges for constructing the wooden privacy fences and the gate for the purpose of preventing unsafe elopement and darting out by their son, Z.F.  29 U.S.C. §705(2)(B) (referencing 42 U.S.C. §12102), and 28 C.F.R. §39.103.

53.     On information and belief, Defendants are recipients of federal financial assistance sufficient to invoke the coverage of Section 504.  On information and belief, Defendants have received such federal financial assistance at all times relevant to the claims asserted in this Complaint.

54.     Defendants and their agents and employees have violated, and continue to violate, Section 504 and the regulations promulgated thereunder by excluding Plaintiffs from participation in, denying Plaintiffs the benefits of, and subjecting Plaintiffs, solely by reason of their disabilities, to discrimination in the enforcement of the City ordinances governing the construction of structures on their property subject to powerline easements.

55.     Defendants' acts and omissions described herein violate the equal access and nondiscrimination provisions of Section 504, and the regulations promulgated thereunder, and have resulted in injury to the Plaintiffs.

56.     This conduct, unless enjoined, will continue to inflict injuries for which Plaintiffs have no adequate remedy at law.

57.     Plaintiffs are thus entitled to injunctive relief and reasonable attorneys' fees, expenses, and costs, pursuant to 29 U.S.C. §794(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Aaron Fritcher, Emily Fritcher, and Emily

Fritcher, as Mother and Next Friend of Z.F., a minor, pray that this Court:

(a)     declare that the actions of the Defendants, by attempting to enforce ordinances to require Plaintiffs to tear down and rebuild their wooden privacy fences with two (2) gates, instead of one (1) gate, that meet Defendants' specifications violate the rights of Plaintiffs under the ADA and Section 504;

(b)     issue an order requiring Defendants to make an exception to their ordinances to permit Plaintiffs' fences and gate to remain in place to ensure accessibility and safe mobility for people who suffer from the disabilities of Z.F., pursuant to the ADA and Section 504;

(c)     issue an Order enjoining Defendants from continuing to enforce the ordinances relating to the construction of structures on property subject to powerline easements, against Plaintiffs, with respect to the wooden privacy fences and gate they now have in place;

(d)     for the award of reasonable attorneys' fees and costs; and

(e)     that the Court grant such other and further relief as to the Court deems just and proper.

/s/ David M. Duree
David M. Duree, ARDC 0697087
David M. Duree & Associates, P.C.
312 South Lincoln Avenue
O'Fallon, IL 62269
618.628.0186 (T)/618.628.0259 (F)
law@dmduree.net
*Attorney for Defendant Aaron Fritcher,*
*Emily Fritcher, individually and Emily*
*Fritcher as Mother and Next Friend of*
*Z.F., a minor*



Washington University Pediatric Neurology
ONE CHILDRENS PLACE
SUITE 2130
SAINT LOUIS, MO  63110-1002
314-454-6120
314-454-4225

April 6, 2021

Guardian of Z████ R████
9 Sherman Dr
Altamont IL 62411

Patient:        Z███████ R██████
Date of Birth: **8/15/2007**
Date of Visit: **4/6/2021**

To whom it may concern:

I currently care for Z██████ in my clinic with Pediatric Neurology at Washington University for diagnoses of autism spectrum disorder, developmental delay, and epilepsy. While Z███ has demonstrated benefit from his parents' phenomenal care and introduction of ABA therapy techniques into daily life, Z██████'s autism is relatively severe and as a result he requires additional assistance and safety considerations compared to his peers.

Due to his autism, Z██████ would have a higher risk of elopement than his peers. Furthermore, his lack of understanding of potential risks to his wellbeing or means of obtaining assistance if unable to find his way home raise considerable safety concerns. With this in mind, I would support additional efforts to limit Z███████ ability to elope as identified by his parents.

If you have questions, please do not hesitate to call me. I would be happy to discuss any concerns further in order to help protect the safety of my patient.

Sincerely,

Crockett, Cameron David, MD

RE: R█████, Z████ -- DOB: 8/15/2007 -- MR#: 107486978

Page 1 of 1

**EXHIBIT A, Page 1 of 1**

 

# Altamont Grade School

*ACUSD 10 WILL EDUCATE THE SCHOOL COMMUNITY, ENHANCE THEIR ABILITIES, AND TRANSFORM OPPORTUNITIES INTO ACTION.*

407 Edwards St | Altamont | Illinois | 62411
Phone: 618.483.5171 | Fax: 618.483.6793

April 6, 2021

To whom it may concern,

This letter is in reference to Z█████ P█████ (bdate: 8/15/2006).  Z██ has been a student within the Altamont school district for several years.  He was previously diagnosed with Autism and has typically been assigned an individual aide throughout his school day due to concerns regarding his safety.  With his autism, Z██ has cognitive challenges causing him to engage in behaviors related to automatic reinforcement.  Elopement (leaving a designated area without permission) is a common problem among individuals with autism.  Through elopement Z██ may be trying to escape an activity, obtain access to something pleasurable, engage in an intrinsically pleasurable event, or even to gain attention.  These are all ways a child with autism can be automatically reinforced.  Elopement can happen anytime and can be very dangerous, even deadly.  If Z██ were to leave a given area without permission, he could very easily get lost and have no communication skills to ask for help.  Z██ could encounter any number of dangers that he would not understand or know how to deal with.  Z██ is dependent on his caregivers to keep him safe at all times and his caregivers are encouraged to take every precaution necessary to keep him safe.  Should you have any questions regarding autism or elopement in general, please do not hesitate to contact me.  On behalf of the special education department, we enjoy Z██ very much and will continue to do our part to make sure he is secure when he is in our care.

Sincerely,

*Kathryn Clausius*

Kathryn Clausius, SSP
School Psychologist, Special Education Coordinator
Altamont Unit #10

**EXHIBIT B, Page 1 of 1**

Jeffrey Crowell, M.D.
Thomas Heischmidt, M.D.

Melissa Semple, PsyD
Rebecca Holkenbrink, LCPC
Kari Thompson, LCPC-RPT-S
Tom Moll, LCSW

# *Family Care Associates*

Cindi Estes, APRN
Katie Roedl, APRN
Courtney Miller, APRN
Lori Johnson, APRN
Sarah Vaughn, APRN
Beth Schumacher, CPNP

1106 N. Merchant St., P.O. Box 665
Effingham, Illinois  62401

Ph. 217-342-7000 F. 217-342-7002
www.familycareassociates.com

4/6/2021

To Whom it May Concern,

I am Z█████'s primary care physician and have been taking care of him since 2013. Z█████ is a complex child with multiple medical problems as listed.

F84.0 Autism
Z95.0 Pacemaker
H91.91 Deaf, right ear
Q03.9 Hydrocephalus
Z98.2 VP (ventriculoperitoneal) shunt status
Q21.3 Tetralogy of Fallot
E73.9 Lactose intolerance
Q04.0 Absent corpus callosum
I44.2 Complete heart block
Q20.1 Double outlet right ventricle
F79 Intellectual disability
I37.0 Pulmonary valve stenosis, unspecified etiology
E03.9 Acquired hypothyroidism
Z95.2 H/O pulmonic valve replacement
R63.3 Feeding problem in child
Z95.3 History of pulmonary valve replacement with bioprosthetic valve
R15.9 Incontinence of feces after infancy
N39.42 Urinary incontinence without sensory awareness
G40.909 Seizure disorder
R13.10 Dysphagia, unspecified type

Due to Z█████'s medical conditions, specifically his diagnosis of Autism and Intellectual disability, Z█████ communication skills and cognitive reasoning are delayed for his age. Since Z████ cannot communicate effectively and comprehends things differently his safety is of upmost importance, and he requires regular direct supervision. Because of Z█████'s medical conditions his family has had to make changes to their home and property to accommodate his special needs. Please feel free to contact me if I can be of further assistance.

Sincerely,

*Amanda Bierman*

Amanda Bierman M.D.

---

*Our Mission: "Providing the highest quality medical care to the patients and families we serve"*

**EXHIBIT C, Page 1 of 1**

IN THE CIRCUIT COURT
OF THE FOURTH JUDICIAL CIRCUIT
EFFINGHAM COUNTY, ILLINOIS

CITY OF ALTAMONT, ILLINOIS,  )
a municipal corporation,      )
                              )
                    Plaintiff,)
                              )        No. 21-OV- 6
            vs.               )
                              )
AARON FRITCHER                )
9 Sherman Drive               )
Altamont, Illinois 62411,     )
                              )
                    Defendant.)

## SUMMONS

To each defendant:  Aaron Fritcher, 9 Sherman Drive, Altamont, Illinois 62411

    YOU ARE SUMMONED and required to appear before this Court at the Effingham County
Government Center, 120 West Jefferson, Effingham, Illinois, on **March 9, 2021 at 9:00 a.m.,** to answer
the complaint in this case, a copy of which is hereto attached.  IF YOU FAIL TO DO SO, A JUDGMENT
BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

    E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an
account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a
service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp", or
talk with your local circuit clerk's office.

To the officer:

    This summons must be returned by the officer or other person to whom it was given for service,
with endorsement of service and fees, if any, immediately after service and not less than 3 days before the
day for appearance.  If service cannot be made, this summons shall be returned so endorsed.

    This summons may not be served later than 3 days before the day for appearance.

                        WITNESS _January 28_, 20 21
(Seal of Court)         _____
                                        (Clerk of the Circuit Court)
                        By: _____
                                        (Deputy )

Tracy A. Willenborg of Taylor Law Offices, P.C.
Attorney for Plaintiff
122 East Washington Avenue, P.O. Box 668
Effingham, Illinois 62401
(217) 342-3925

Date of service _____, 20____
            (To be inserted by officer on copy left with defendant or other person)
        *(Defendant must appear not less than 7 nor more than 40 days after issuance of the summons)

**EXHIBIT D, Page 1 of 5**

FILED

JAN 28 2021

CLERK OF THE CIRCUIT COURT
FOURTH JUDICIAL CIRCUIT
EFFINGHAM COUNTY, ILLINOIS

**IN THE CIRCUIT COURT
OF THE FOURTH JUDICIAL CIRCUIT
EFFINGHAM COUNTY, ILLINOIS**

CITY OF ALTAMONT, ILLINOIS,       )
a municipal corporation,          )
                                  )
        Plaintiff,                )
                                  )
    vs.                           )     No. 21-OV- 16
                                  )
AARON FRITCHER                    )
9 Sherman Drive                   )
Altamont, Illinois 62411,         )
                                  )
        Defendant.                )
                                  )

## INFORMATION

### Count I

The City of Altamont, a municipal corporation, State of Illinois, charges that:

That on January 01, 2021, the Defendant, Aaron Fritcher, violated Paragraph (M) of Section 25-3-2 of the Revised Code of Ordinances of the City of Altamont, Illinois, in that Defendant placed an obstruction or encroachment upon a public easement in, on, around, or about the premises located at 9 Sherman Drive, Altamont, Illinois. (Civil Ordinance Violation).

### Count II

The City of Altamont, a municipal corporation, State of Illinois, charges that:

That on January 02, 2021, the Defendant, Aaron Fritcher, violated Paragraph (M) of Section 25-3-2 of the Revised Code of Ordinances of the City of Altamont, Illinois, in that Defendant placed an obstruction or encroachment upon a public easement in, on, around, or about the premises located at 9 Sherman Drive, Altamont, Illinois. (Civil Ordinance Violation).

### Count III

The City of Altamont, a municipal corporation, State of Illinois, charges that:

That on January 03, 2021, the Defendant, Aaron Fritcher, violated Paragraph (M) of Section 25-3-2 of the Revised Code of Ordinances of the City of Altamont, Illinois, in that Defendant placed an obstruction or encroachment upon a public easement in, on, around, or about the premises located at 9 Sherman Drive, Altamont, Illinois. (Civil Ordinance Violation).

**EXHIBIT D, Page 2 of 5**

### Count IV

The City of Altamont, a municipal corporation, State of Illinois, charges that:

That on January 04, 2021, the Defendant, Aaron Fritcher, violated Paragraph (M) of Section 25-3-2 of the Revised Code of Ordinances of the City of Altamont, Illinois, in that Defendant placed an obstruction or encroachment upon a public easement in, on, around, or about the premises located at 9 Sherman Drive, Altamont, Illinois. (Civil Ordinance Violation).

### Count V

The City of Altamont, a municipal corporation, State of Illinois, charges that:

That on January 05, 2021, the Defendant, Aaron Fritcher, violated Paragraph (M) of Section 25-3-2 of the Revised Code of Ordinances of the City of Altamont, Illinois, in that Defendant placed an obstruction or encroachment upon a public easement in, on, around, or about the premises located at 9 Sherman Drive, Altamont, Illinois. (Civil Ordinance Violation).

### Count VI

The City of Altamont, a municipal corporation, State of Illinois, charges that:

That on January 06, 2021, the Defendant, Aaron Fritcher, violated Paragraph (M) of Section 25-3-2 of the Revised Code of Ordinances of the City of Altamont, Illinois, in that Defendant placed an obstruction or encroachment upon a public easement in, on, around, or about the premises located at 9 Sherman Drive, Altamont, Illinois. (Civil Ordinance Violation).

### Count VII

The City of Altamont, a municipal corporation, State of Illinois, charges that:

That on January 07, 2021, the Defendant, Aaron Fritcher, violated Paragraph (M) of Section 25-3-2 of the Revised Code of Ordinances of the City of Altamont, Illinois, in that Defendant placed an obstruction or encroachment upon a public easement in, on, around, or about the premises located at 9 Sherman Drive, Altamont, Illinois. (Civil Ordinance Violation).

### Count VIII

The City of Altamont, a municipal corporation, State of Illinois, charges that:

That on January 08, 2021, the Defendant, Aaron Fritcher, violated Paragraph (M) of Section 25-3-2 of the Revised Code of Ordinances of the City of Altamont, Illinois, in that Defendant placed an obstruction or encroachment upon a public easement in, on, around, or about the premises located at 9 Sherman Drive, Altamont, Illinois. (Civil Ordinance Violation).

### Count IX

The City of Altamont, a municipal corporation, State of Illinois, charges that:

That on January 09, 2021, the Defendant, Aaron Fritcher, violated Paragraph (M) of Section 25-3-2 of the Revised Code of Ordinances of the City of Altamont, Illinois, in that Defendant placed an obstruction or encroachment upon a public easement in, on, around, or about the premises located at 9 Sherman Drive, Altamont, Illinois. (Civil Ordinance Violation).

## Count X

The City of Altamont, a municipal corporation, State of Illinois, charges that:

That on January 10, 2021, the Defendant, Aaron Fritcher, violated Paragraph (M) of Section 25-3-2 of the Revised Code of Ordinances of the City of Altamont, Illinois, in that Defendant placed an obstruction or encroachment upon a public easement in, on, around, or about the premises located at 9 Sherman Drive, Altamont, Illinois. (Civil Ordinance Violation).

**WHEREFORE,** Plaintiff, City of Altamont, Illinois, a municipal corporation, State of Illinois, prays that the Defendant, Aaron Fritcher, be found guilty of Counts I through X of the Information, that the court fine Defendant, Aaron Fritcher, for each said Count, said fine being a minimum of $100.00 per count and maximum of $750.00 per count, that court costs be assessed against the Defendant, Aaron Fritcher, and that the Court grant such further and other relief as is deemed just and equitable in the premises.

**TO DEFENDANT: YOU MAY DEMAND A JURY TRIAL BY FILING A JURY DEMAND AND PAYING A JURY DEMAND FEE WHEN ENTERING YOUR APPEARANCE, PLEA, ANSWER TO THE CHARGE OR OTHER RESPONSIVE PLEADING.**

By: _____
Tracy A. Willenborg
Attorney for City of Altamont,
Illinois, Plaintiff

**EXHIBIT D, Page 4 of 5**

The undersigned, on oath, states that the facts set forth in the foregoing Information are true in substance and in fact.

City of Altamont, Illinois,
a municipal corporation, Plaintiff

By: _____
Jason D. Rippetoe

STATE OF ILLINOIS        )
                         )     SS.
COUNTY OF EFFINGHAM      )

I, the undersigned, a Notary Public, in and for said County and State aforesaid, do hereby certify that Jason D. Rippetoe, personally known to me to be the Mayor of the City of Altamont, Illinois, a municipal corporation, and personally known to me to be the same person whose name is subscribed to the foregoing instrument as Mayor, he signed and delivered the said instrument as Mayor of said municipality, and caused the corporate seal of said corporation to be affixed thereto, as his free and voluntary act, and as the free and voluntary act and deed of said municipal corporation for the uses and purposes therein set forth.

Given under my hand and notarial seal this _15_ day of _January_, 2021.

> "OFFICIAL SEAL"
> SARAH STEPHEN
> NOTARY PUBLIC, STATE OF ILLINOIS
> MY COMMISSION EXPIRES 12/23/2021

_____
Notary Public

TAYLOR LAW OFFICES, P.C.
Tracy A. Willenborg
122 E. Washington Avenue, P.O. Box 668
Effingham, IL 62401
217/342-3925
Regis. #06281018
t.willenborg@taylorlaw.net

**EXHIBIT D, Page 5 of 5**

**IN THE CIRCUIT COURT
OF THE FOURTH JUDICIAL CIRCUIT
EFFINGHAM COUNTY, ILLINOIS**

CITY OF ALTAMONT, ILLINOIS,     )
a municipal corporation,      )
                                 )
            **Plaintiff,**    )
                                 )    No. 21-OV-__7__
        **vs.**                 )
                                 )
EMILY FRITCHER          )
9 Sherman Drive          )
Altamont, Illinois 62411,     )
                                 )
          **Defendant.**    )

**SUMMONS**

To each defendant: Emily Fritcher, 9 Sherman Drive, Altamont, Illinois 62411

     YOU ARE SUMMONED and required to appear before this Court at the Effingham County Government Center, 120 West Jefferson, Effingham, Illinois, on **March 9, 2021 at 9:00 a.m.,** to answer the complaint in this case, a copy of which is hereto attached. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

    E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp", or talk with your local circuit clerk's office.

To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than 3 days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

    This summons may not be served later than 3 days before the day for appearance.

               WITNESS _January 29_ , 20 _21_

(Seal of Court)

                             _John Niemerg_
              By: _____ (Clerk of the Circuit Court)
                              (Deputy )

Tracy A. Willenborg of Taylor Law Offices, P.C.
Attorney for Plaintiff
122 East Washington Avenue, P.O. Box 668
Effingham, Illinois 62401
(217) 342-3925

Date of service _____ , 20_____
          (To be inserted by officer on copy left with defendant or other person)
      *(Defendant must appear not less than 7 nor more than 40 days after issuance of the summons)

**EXHIBIT E, Page 1 of 5**

FILED

JAN 29 2021

CLERK OF THE CIRCUIT COURT
FOURTH JUDICIAL CIRCUIT
EFFINGHAM COUNTY, ILLINOIS

**IN THE CIRCUIT COURT
OF THE FOURTH JUDICIAL CIRCUIT
EFFINGHAM COUNTY, ILLINOIS**

CITY OF ALTAMONT, ILLINOIS,    )
a municipal corporation,    )
    )
    )
        Plaintiff,    )
    )
    vs.    )    No. 21-OV- 7
    )
EMILY FRITCHER    )
9 Sherman Drive    )
Altamont, Illinois 62411,    )
    )
        Defendant.    )

## INFORMATION

### Count I

The City of Altamont, a municipal corporation, State of Illinois, charges that:

That on January 01, 2021, the Defendant, Emily Fritcher, violated Paragraph (M) of Section 25-3-2 of the Revised Code of Ordinances of the City of Altamont, Illinois, in that Defendant placed an obstruction or encroachment upon a public easement in, on, around, or about the premises located at 9 Sherman Drive, Altamont, Illinois. (Civil Ordinance Violation).

### Count II

The City of Altamont, a municipal corporation, State of Illinois, charges that:

That on January 02, 2021, the Defendant, Emily Fritcher, violated Paragraph (M) of Section 25-3-2 of the Revised Code of Ordinances of the City of Altamont, Illinois, in that Defendant placed an obstruction or encroachment upon a public easement in, on, around, or about the premises located at 9 Sherman Drive, Altamont, Illinois. (Civil Ordinance Violation).

### Count III

The City of Altamont, a municipal corporation, State of Illinois, charges that:

That on January 03, 2021, the Defendant, Emily Fritcher, violated Paragraph (M) of Section 25-3-2 of the Revised Code of Ordinances of the City of Altamont, Illinois, in that Defendant placed an obstruction or encroachment upon a public easement in, on, around, or about the premises located at 9 Sherman Drive, Altamont, Illinois. (Civil Ordinance Violation).

**EXHIBIT E, Page 2 of 5**

### Count IV

The City of Altamont, a municipal corporation, State of Illinois, charges that:

That on January 04, 2021, the Defendant, Emily Fritcher, violated Paragraph (M) of Section 25-3-2 of the Revised Code of Ordinances of the City of Altamont, Illinois, in that Defendant placed an obstruction or encroachment upon a public easement in, on, around, or about the premises located at 9 Sherman Drive, Altamont, Illinois. (Civil Ordinance Violation).

### Count V

The City of Altamont, a municipal corporation, State of Illinois, charges that:

That on January 05, 2021, the Defendant, Emily Fritcher, violated Paragraph (M) of Section 25-3-2 of the Revised Code of Ordinances of the City of Altamont, Illinois, in that Defendant placed an obstruction or encroachment upon a public easement in, on, around, or about the premises located at 9 Sherman Drive, Altamont, Illinois. (Civil Ordinance Violation).

### Count VI

The City of Altamont, a municipal corporation, State of Illinois, charges that:

That on January 06, 2021, the Defendant, Emily Fritcher, violated Paragraph (M) of Section 25-3-2 of the Revised Code of Ordinances of the City of Altamont, Illinois, in that Defendant placed an obstruction or encroachment upon a public easement in, on, around, or about the premises located at 9 Sherman Drive, Altamont, Illinois. (Civil Ordinance Violation).

### Count VII

The City of Altamont, a municipal corporation, State of Illinois, charges that:

That on January 07, 2021, the Defendant, Emily Fritcher, violated Paragraph (M) of Section 25-3-2 of the Revised Code of Ordinances of the City of Altamont, Illinois, in that Defendant placed an obstruction or encroachment upon a public easement in, on, around, or about the premises located at 9 Sherman Drive, Altamont, Illinois. (Civil Ordinance Violation).

### Count VIII

The City of Altamont, a municipal corporation, State of Illinois, charges that:

That on January 08, 2021, the Defendant, Emily Fritcher, violated Paragraph (M) of Section 25-3-2 of the Revised Code of Ordinances of the City of Altamont, Illinois, in that Defendant placed an obstruction or encroachment upon a public easement in, on, around, or about the premises located at 9 Sherman Drive, Altamont, Illinois. (Civil Ordinance Violation).

### Count IX

The City of Altamont, a municipal corporation, State of Illinois, charges that:

**EXHIBIT E, Page 3 of 5**

That on January 09, 2021, the Defendant, Emily Fritcher, violated Paragraph (M) of Section 25-3-2 of the Revised Code of Ordinances of the City of Altamont, Illinois, in that Defendant placed an obstruction or encroachment upon a public easement in, on, around, or about the premises located at 9 Sherman Drive, Altamont, Illinois. (Civil Ordinance Violation).

### Count X

The City of Altamont, a municipal corporation, State of Illinois, charges that:

That on January 10, 2021, the Defendant, Emily Fritcher, violated Paragraph (M) of Section 25-3-2 of the Revised Code of Ordinances of the City of Altamont, Illinois, in that Defendant placed an obstruction or encroachment upon a public easement in, on, around, or about the premises located at 9 Sherman Drive, Altamont, Illinois. (Civil Ordinance Violation).

**WHEREFORE,** Plaintiff, City of Altamont, Illinois, a municipal corporation, State of Illinois, prays that the Defendant, Emily Fritcher, be found guilty of Counts I through X of the Information, that the court fine Defendant, Emily Fritcher, for each said Count, said fine being a minimum of $100.00 per count and maximum of $750.00 per count, that court costs be assessed against the Defendant, Emily Fritcher, and that the Court grant such further and other relief as is deemed just and equitable in the premises.

**TO DEFENDANT: YOU MAY DEMAND A JURY TRIAL BY FILING A JURY DEMAND AND PAYING A JURY DEMAND FEE WHEN ENTERING YOUR APPEARANCE, PLEA, ANSWER TO THE CHARGE OR OTHER RESPONSIVE PLEADING.**

By: _____

Tracy A. Willenborg
Attorney for City of Altamont,
Illinois, Plaintiff

**EXHIBIT E, Page 4 of 5**

The undersigned, on oath, states that the facts set forth in the foregoing Information are true in substance and in fact.

City of Altamont, Illinois,<br>
a municipal corporation, Plaintiff

By: _Jason D. Rippetoe_

Jason D. Rippetoe

**STATE OF ILLINOIS**    )

                    )   SS.

**COUNTY OF EFFINGHAM**  )

I, the undersigned, a Notary Public, in and for said County and State aforesaid, do hereby certify that Jason D. Rippetoe, personally known to me to be the Mayor of the City of Altamont, Illinois, a municipal corporation, and personally known to me to be the same person whose name is subscribed to the foregoing instrument as Mayor, he signed and delivered the said instrument as Mayor of said municipality, and caused the corporate seal of said corporation to be affixed thereto, as his free and voluntary act, and as the free and voluntary act and deed of said municipal corporation for the uses and purposes therein set forth.

Given under my hand and notarial seal this _15_ day of _January_, 2021.

> "OFFICIAL SEAL"
> SARAH STEPHEN
> NOTARY PUBLIC, STATE OF ILLINOIS
> MY COMMISSION EXPIRES 12/23/2021

_Sarah Stephen_

Notary Public

TAYLOR LAW OFFICES, P.C.
Tracy A. Willenborg
122 E. Washington Avenue, P.O. Box 668
Effingham, IL 62401
217/342-3925
Regis. #06281018
t.willenborg@taylorlaw.net

