UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON FRITCHER and EMILY FRITCHER, individually and as mother and next friend of Z.F., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ALTAMONT, ILLINOIS, JASON RIPPETOE, in his official capacity as Mayor of the City of Altamont, and GARY WHITE, in his official capacity as Zoning Administrator of the City of Altamont,<br><br>Defendants. | Case No. 21-cv-1076-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the defendants' motion for the Court to abstain from hearing this matter in light of ongoing litigation in state court (Doc. 19). The plaintiffs have responded to the motion (Doc. 21). Because the plaintiffs ask the Court in this lawsuit to impermissibly interfere with a state court proceeding, the Court finds abstention is appropriate.

**I.      Background**

This matter arose from a dispute over whether plaintiffs Aaron and Emily Fritcher could lawfully maintain a fence enclosing their backyard. The Fritchers have a disabled son who is prone to bolting to places where he can encounter danger. In the past, the Fritchers had enclosed a portion of their backyard with a chain-link fence but came to believe the fence did not present enough of a barrier to their son's tendency to run away.

In 2020, they replaced part of the chain-link fence with wooden privacy fencing and constructed new sections of wooden privacy fencing to enclose more of their backyard to allow their son more room to safely be outdoors. The new fence encroached on the City's easement to

access electric lines that passed over the newly enclosed part of the Fritchers' property. Because of this, the Fritchers placed a wide gate in one section of the new fence on the north side of their backyard that could be opened from the outside by the City to access the overhead electric lines. This did not satisfy the City, which demanded the Fritchers place a second gate on the south side of their yard as well.

In January 2021, the City ended up filing two Informations charging Aaron (Case No. 21-OV-6) and Emily (Case No. 21-OV-7) with obstructing or encroaching on a public easement in violation of a civil ordinance. The City seeks penalties of monetary fines. The Fritchers, in turn, filed this lawsuit in August 2021 seeking a declaration that the defendants, the City and two of its officials, were violating the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and the Rehabilitation Act ("RA")*,* 29 U.S.C. § 794, because they discriminated on the basis of disability and denied a reasonable accommodation. They also seek an injunction preventing the City from enforcing the ordinances against them in the state proceedings.

The defendants now ask the Court to abstain from exercising jurisdiction over this case on the basis of the *Colorado River* abstention doctrine, *see Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971). They note that the Fritchers have raised their ADA and RA arguments as defenses to summary judgment motions pending in their respective state court proceedings, so those legal issues will be addressed and resolved in those proceedings. The plaintiffs urge the Court to exercise its jurisdiction despite the state court proceedings.

**II.    Analysis**

The Court approaches this matter cognizant of the background understanding that federal courts should rarely abstain from hearing cases over which they have jurisdiction. "Federal

courts have a 'virtually unflagging obligation' to exercise the jurisdiction given them." *City of Fishers v. DIRECTV*, 5 F.4th 750, 752 (7th Cir. 2021) (quoting *Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976)).  Abstention from the exercise of federal jurisdiction should be the exception, not the rule.  *City of Fishers*, 5 F.4th at 753 (citing *Colo. River*, 424 U.S. at 813).  Nevertheless, the Supreme Court has identified several situations where abstention would be proper, although abstention decisions generally rest on concerns of equity, comity, and federalism rather than a perfect fit with a Supreme Court's prior application of the doctrine.  *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021).  The defendants have cited two of those prior applications:  *Colorado River* abstention and *Younger* abstention.

      A.      *Colorado River* Abstention

To determine whether abstention under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), is appropriate, the Court first must decide whether the federal and state actions are parallel, that is, "whether substantially the same parties are contemporaneously litigating substantially the same issues in another forum," and whether "there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case."  *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011) (internal quotations and citations omitted).  If there is doubt about whether actions are parallel, the Court should not abstain under *Colorado River*.  *Id.*

If the actions are parallel, the Court must then consider a host of factors to determine if "exceptional circumstances" exist to justify *Colorado River* abstention:

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent

3

> jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*Id.* at 647-48 (internal quotations omitted); *accord Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15-16 (1983).  No single factor is determinative, and because of the presumption against abstention, neutral factors weigh against it.  *Huon*, 657 F.3d at 648.

The defendants' argument in support of abstention under *Colorado River* consists of two paragraphs.  They briefly address whether the cases are parallel but fail to discuss the careful balancing of the relevant factors the Court must make before it can find that "exceptional circumstances" warrant abstention.  Thus, the defendants have not carried their burden of showing *Colorado River* abstention is warranted.

      B.      <u>*Younger* Abstention</u>

The abstention doctrine recognized in *Younger v. Harris*, 401 U.S. 37 (1971), requires a federal court to refrain from exercising its jurisdiction in three circumstances: "[w]hen there is a parallel, pending state criminal proceeding" or in "particular state civil proceedings that are akin to criminal prosecutions . . . or that implicate a State's interest in enforcing the orders and judgments of its courts."  *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) (internal citations omitted; citing *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989)); *accord J.B. v. Woodard*, 997 F.3d 714, 721-22 (7th Cir. 2021) (doctrine "directs federal courts to abstain from exercising jurisdiction over federal claims that seek to interfere with pending state court proceedings").  Under *Younger* abstention, a federal court should not enjoin state court proceedings "except in the very unusual situation that an injunction is necessary to prevent great and immediate irreparable injury."  *Ohio Civil Rights Comm'n v. Dayton Christian Sch.*, 477 U.S. 619, 626 (1986).

Interfering with a state court ordinance enforcement action against the Fritchers is exactly

what they ask the Court to do in this case.  The City is attempting to enforce its ordinance ensuring access to public easements through proceedings akin to criminal proceedings, and the Fritchers have raised in those proceedings whether such enforcement against them would violate federal law, specifically, the ADA and the RA.  The Fritchers filed this case nearly seven months after the City filed the underlying Informations, and the state proceedings appear to be further along than this case, which is not set for trial until October 2022.  Additionally, the City is only seeking monetary fines, so the plaintiffs are facing no irreparable injury.  A judgment by this Court that such enforcement does or does not violate federal law would improperly inject the Court into matters properly raised in state litigation about a decidedly non-federal matter—enforcement by fines of local ordinances allowing a municipality access to public easements for local power lines.  The Fritchers could use a favorable federal court ruling offensively in state court to affect the direction of the state court proceedings.  Such interference would not reflect the appropriate level of respect and comity for the state court, which is well able to decide cases before it involving its municipalities' enforcement of their own ordinances as well as to decide whether federal statutes supply defenses in those cases.  As the *J.B.* court noted, in this kind of situation, "federal courts need to stay on the sidelines." *J.B.*, 997 F.3d at 723.  *Younger* abstention is appropriate in this case.

      The Court further notes that staying an action, as opposed to dismissing it, during *Younger* abstention is the norm where the plaintiff seeks compensatory damages in the underlying lawsuit.  *Id.* at 724.  However, there is no specific request for compensatory damages in this case, and where only declaratory or equitable relief is sought and could be completely redressed by a state court, dismissal without prejudice is appropriate.

### III. Conclusion

For these reasons, the Court **GRANTS** the defendants' motion to abstain from exercising its jurisdiction in this matter (Doc. 19) and **DISMISSES** this case **without prejudice**. Should the Fritchers be unhappy with the result of the state court litigation, they may appeal through the state court system, which is well able to litigate issues of federal law. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  January 26, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
